UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OKLAHOMA

| | |
|---|---|
| 1) MID-SOUTH IRON WORKERS WELFARE PLAN; <br> 2) IRON WORKERS MID SOUTH PENSION FUND; <br> 3) OKLAHOMA IRON WORKERS' DIRECT CONTRIBUTION PLAN AND TRUST; <br> 4) OKLAHOMA IRON WORKERS' APPRENTICESHIP & TRAINING FUND LOCAL 584; and <br> 5) LOCAL UNION NO. 584 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, <br><br>          PLAINTIFFS, <br><br> v. <br><br> 1) SCHUFF STEEL COMPANY, <br><br>          DEFENDANT | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. _____ <br> Hon._____ |

## **COMPLAINT**

Plaintiffs, the Mid-South Iron Workers Welfare Plan ("Welfare Plan"), the Iron Workers Mid-South Pension Fund ("Pension Fund"), the Oklahoma Iron Workers' Direct Contribution Plan and Trust ("Direct Contribution Plan"), Oklahoma Iron Workers Apprenticeship & Training Funds Local 584 ("Apprenticeship Fund") (collectively referred to as "Plaintiff Funds"), and Local Union No. 584 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local"), assert their Complaint against Defendants Schuff Steel Company ("Schuff Steel") as follows:

## JURISDICTION AND VENUE

1.     This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2.     Jurisdiction and venue are conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §§ 185(a), 1132(a), (e), and (f).

## PARTIES

3.     Plaintiff, Welfare Plan, is an "employee welfare benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by the Iron Workers and employers in an industry affecting commerce, whose employees are members of that union, for the purposes of providing medical benefits to the employees.  The Welfare Plan is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  The Welfare Plan is administered in Oklahoma.

4.     Plaintiff, Pension Fund, is an "employee benefit pension plan" defined in § 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(i), established by the Iron Workers and employers in an industry affecting commerce, whose employees are members of that union, for the purposes of providing retirement income to the employees.  The Pension Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  The Pension Fund is administered in Metairie, Louisiana.

5.     Plaintiff, Direct Contribution Plan, is a defined contribution plan as defined in ERISA, established by the Iron Workers and employers in an industry affecting commerce, whose employees are members of that union, for the purposes of providing retirement benefits to the

employees.  The Direct Contribution Plan is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  The Direct Contribution Plan is administered in Oklahoma.

6.      Plaintiff, Apprenticeship Fund are a pooled funds as allowed by Section 302 of the Labor Management Relations Act.  29 U.S.C. § 186.  The Apprenticeship & Training Fund and Local are administered in Oklahoma.

7.      Plaintiff, Local are a pooled funds as allowed by Section 302 of the Labor Management Relations Act.  29 U.S.C. § 186.

8.      Defendant, Schuff Steel Company is on information and belief an Arizona corporation (hereinafter referred to as "the Contractor" or "Schuff Steel") and is a private employer.  The Contractor is party to a Participation Agreement ("PA") with the Iron Workers Locals 48 and 584.  The PA binds the Contractor to the Agreements and Declarations of Trust for the Welfare Plan, Direct Contribution Plan, Apprenticeship Fund and Pension Fund which require the Contractor to submit monthly remittance reports and pay monthly fringe benefit contributions to the Welfare Plan, the Direct Contribution Plan, the Apprenticeship Fund and the Pension Fund.

9.      The Contractor transacted business in Inola, Oklahoma.

10.     The Contractor has been at all material times, an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has at all material times, been engaged as a contractor or subcontractor in the construction industry and, as such, has been, and continues to be, an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, and 29 U.S.C. § 1002 (12). The Contractor's principal place of business located at 3003 N. Central Avenue, Suite 700, Phoenix, Arizona.

## CAUSE OF ACTION

### (Unpaid Fringe Benefit Contributions and Dues)

11.     Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 10 of this Complaint as if fully set forth and repeated in Count Four.

12.     Schuff Steel is a party to the PA, which binds Schuff Steel to pay monthly fringe benefit contributions to the Plaintiff Funds and dues to the Local on behalf of employees represented in collective bargaining by Local 584 for services performed at projects in Oklahoma.

13.     As a signatory to the PA, Schuff Steel agrees to be bound by the Agreements and Declarations of Trust, and Rules and Regulations of the Plaintiffs Funds.

14.     The PA and Trust Agreements require Schuff Steel to submit monthly remittance reports itemizing all hours worked by employees in the bargaining unit and covered by the PA, and make the payments of fringe benefit contributions to the Plaintiff Funds and dues to the Local based upon information provided to Plaintiffs in the monthly remittance reports.

15.     Schuff Steel failed to make payments for the fringe benefit contributions due to the Plaintiff Funds and dues to the Local for hours worked by employees in the bargaining unit and covered by the PA for such months.

16.     The Plaintiff Funds are authorized and empowered under the Trust Agreements and duly adopted Rules and Regulations to conduct an audit, including to examine and copy the payroll books and records of any contributing employer to determine whether the employer is accurately complying with the contribution obligations established under the PA.

17.     An audit conducted for the period of August 2018 to June 2020 reports the following amounts are due and owing to the Plaintiffs:

(a) To the Welfare Plan unpaid contributions of $17,763.21, interest as of January 13, 2022 of $9,075.39, and thereafter at the rate of 18% per annum until paid, plus liquidated damages of $1,776.32 for total amount due $28,614.92;

(b)  To the Pension Fund unpaid contributions of $20,300.80, and interest as of January 13, 2022 of $4,609.71 and thereafter at the rate of 8% per annum until paid, for total amount due $24,910.51;

(c)  To the Direct Contribution Plan unpaid contributions of $17,644.30, interest as of January 13, 2022 of $9,009.83 and thereafter at the rate of 18% per annum until paid, plus liquated damages of $1,764.43 for total amount due $28,418.56;

(d)  To the Apprenticeship Fund unpaid contributions of $3,904.00, and interest as of January 13, 2022 of $664.87 and thereafter at the rate of 6% per annum until paid, for total amount due $4,568.87; and

(e)  To the Local for the unpaid Working Assessment payments $312.32, together with unpaid Impact payments of $624.64, interest as of January 13, 2022 of $319.12, and thereafter at the rate of 18% per annum until paid, plus liquidated damages of $62.46 for total amount due $ 1318.54.

21.    The Plaintiff Funds and Local have requested payment of the unpaid fringe benefit contributions and dues from Schuff Steel.  However, despite such requests Schuff Steel has failed to remit payment of contributions and dues owed.

22.    The Plaintiffs Funds are entitled to accruing interest at rates as provided for by the respective Plaintiff Funds.

23.    In accordance with ERISA, certain Plaintiffs Funds are entitled to liquidated damages on the unpaid fringe benefit contributions.

5

24.    The Plaintiff Funds are entitled to recover the actual cost for the payroll audit pursuant to the Agreements and Declarations of Trust, and Rules and Regulations of the Plaintiffs Funds.

25.    The Contractor has violated its obligations to the Plaintiff Funds under applicable law by failing to satisfy its obligation to timely remit all remittance reports and fringe benefit contributions.

26.    Plaintiff Funds are entitled to the unpaid contributions under §§502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 and § 301 of the Labor Management Relations Act, 29 U.S.C. §185. In addition to the unpaid fringe benefit contributions, Plaintiff Funds are, pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) entitled to: interest on the unpaid fringe benefit contributions; liquidated damages; and reasonable attorneys' fees, audit fees and costs of litigation.

WHEREFORE, the Plaintiffs pray for judgment as follows:

(a)    That the Court declare Schuff Steel liable to the Plaintiffs for all unpaid fringe benefit contributions, dues, plus interest and liquidated damages, due and owing to each Plaintiffs Fund for hours worked by covered employees employed by Schuff Steel throughout the term of the PA in the following amounts:

(a) To the Welfare Plan unpaid contributions of $17,763.21, interest as of January 13, 2022 of $9,075.39, and thereafter at the rate of 18% per annum until paid, plus liquated damages of $1,776.32 for total amount due $28,614.92;

(b) To the Pension Fund unpaid contributions of $20,300.80, and interest as of January 13, 2022 of $4,609.71 and thereafter at the rate of 8% per annum until paid, for total amount due $24,910.51;

(c)  To the Direct Contribution Plan unpaid contributions of $17,644.30, interest as of January 13, 2022 of $9,009.83 and thereafter at the rate of 18% per annum until paid, plus liquated damages of $1,764.43 for total amount due $28,418.56;

(d)  To the Apprenticeship Fund unpaid contributions of $3,904.00, and interest as of January 13, 2022 of $664.87 and thereafter at the rate of 6% per annum until paid, for total amount due $4,568.87; and

(e)  To the Local for the unpaid Working Assessment payments $312.32, together with unpaid Impact payments of $624.64, interest as of January 13, 2022 of $319.12, and thereafter at the rate of 18% per annum until paid, plus liquated damages of $62.46 for total amount due $ 1318.54.

(b)     That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and audit fees.

(c)     That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

A copy of the Complaint has been served on the Secretary of Labor and the Secretary of the Treasury by certified mail pursuant to 29 U.S.C. § 1132(h).

Respectfully submitted,

**HOLLOWAY•MONAGHAN•KING**

  /s/ W. Brant Warrick
Kelly F. Monaghan (OK Bar No. 11681)
W. Brant Warrick (OK Bar No. 30967)
4111 South Darlington, Suite 900
Tulsa, Oklahoma 74135
Telephone: (918) 627-6202
Facsimile: (918) 627-6265
kmonaghan@hmkoklaw.com
bwarrick@hmkoklaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail,

as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.

§ 1132(h) this 14th day of January, 2022 on the following:

Steven Terner Mnuchin – **CERTIFIED RETURN RECEIPT NO. 7019 1120 0000 4467 7777**
Department of The Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Alexander Acosta, **- CERTIFIED RETURN RECEIPT NO. 7019 2970 0002 1380 0955**
Secretary of Labor
U.S. Department of Labor
200 Construction Avenue, N.W.
Washington, D.C. 20002

      /s/ W. Brant Warrick
            W. Brant Warrick

8